**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **Robert LaRose,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **American Medical Response** | : | |
| **of Connecticut, Inc.** | : | **July 9, 2021** |
| | : | |
| **Defendant** | : | |

**COMPLAINT**

## I.      INTRODUCTION

1.      The plaintiff, Robert LaRose, brings this action against his former employer the

defendant, American Medical Response of Connecticut, Inc., alleging that the defendant

refused to reasonably accommodate his disability and discriminated against him because of

his disability in violation of the Americans with Disabilities Act of 1990, as Amended, 42 U.S.C.

§12101, *et seq*., and further alleging that the defendant discriminated and/or retaliated against

the plaintiff in his employment because he exercised rights under the Family and Medical

Leave Act, 29 U.S.C. §2601, *et seq*. The plaintiff seeks as his damages reinstatement; any

wages, salary, employment benefits, or other compensation he was denied by reason of the

violation of his rights; compensatory damages, including but not limited to those attributable to

the plaintiff's pain, suffering, and emotional distress; liquidated damages pursuant to 29

U.S.C. §2617(a)(1)(A)(iii); an award of pre- and post-judgment interest; and his reasonable

attorney's fees and expenses.

II.     **JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3.      Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to his claim occurred within this judicial district.

III.    **PARTIES**

4.      The plaintiff, Robert LaRose, is a person residing at 559 Guernseytown Road, Watertown, Connecticut.

5.      At times relevant to this Complaint, the plaintiff experienced one or more serious medical conditions.

6.      At times relevant to this Complaint, the plaintiff was and is a person with a disability as that term is defined by 42 U.S.C. §12102.

7.      The defendant is American Medical Response of Connecticut, Inc. a provider of ambulance and paramedic services, with a place of business within Connecticut at 117 East Aurora Street, Waterbury, Connecticut, and a business address at 6363 South Fiddler's Green, Circle Suite 1400, Greenwood Village, Colorado.

8.      At all times relevant to the Complaint, the defendant employed fifty (50) or more employees in 20 or more workweeks in a year.

IV.     **FACTS**

9.      In or about April 2006, the defendant hired the plaintiff as a part-time paramedic.

10.     In or about September 2006, the defendant gave the plaintiff a position as a full time paramedic.

11.     On or about October 4, 2011, the defendant promoted the plaintiff to Field Training Officer / Shift Duty Officer.

12.     On or about February 4, 2012, the defendant promoted the plaintiff to Field Operations Supervisor.

13.     In or about February 2016, the defendant promoted the plaintiff to Senior Operations Supervisor.

14.     In or about August 2018, the plaintiff began to experience pain in his neck and tingling and burning in his arm and hand, leading him to seek medical attention.

15.     The plaintiff was diagnosed with a herniated disk and had surgery to treat the condition in or about October 2018.

16.     As a result of the recovery from surgery, the plaintiff was out on medical leave from on or about October 16, 2018, to January 6, 2019.

17.     The defendant treated the plaintiff's medical leave as Family and Medical Leave.

18.     The plaintiff returned to work after his medical leave, although he continued to experience pain from the neck injury.

19.     On or about January 18, 2019, the plaintiff suffered a fall at home and injured his shoulder.

20.     As a result of the shoulder injury the plaintiff went back on medical leave.

21.     The defendant treated the plaintiff's medical leave as Family and Medical Leave.

22.     In or about February 2019, the plaintiff received a letter from defendant's Regional Manager, Robert Retallick, dated February 22, 2019.

23.     The letter stated that the plaintiff had exhausted all available FMLA time, that the defendant would no longer hold the plaintiff's position, and that he should turn in his cell phone and keys.

24.     On or about February 27, 2019, the plaintiff went into defendant's Waterbury offices to speak with Retallick.

3

25.     The plaintiff explained to Retallick that the medical restriction that was preventing him from returning to work was that his doctor did not want him to do any heavy lifting.

26.     The lifting requirements of the plaintiff's job – lifting equipment in order to go out into the field – take about two hours a week.

27.     The defendant could have reasonably accommodated the plaintiff's medical restrictions by assigning the approximately two hours a week of field work to the plaintiff's subordinate.

28.     The plaintiff told Retallick that he could return to work the next day if it were not for his lifting restrictions.

29.     Retallick responded by telling the plaintiff that "You have to get better first."

30.     Retallick did not discuss with the plaintiff his right to return to his position after utilizing FMLA or the defendant's duty to provide a reasonable accommodation for the plaintiff's disability under the Americans with Disabilities Act.

31.     Because Retallick did not inform the plaintiff of his right to return to work or the defendant's duty to provide reasonable accommodation, the plaintiff believed he had no choice but to remain on medical leave.

32.     The defendant did not hold the plaintiff's position.

33.     On or about May 6, 2019, the defendant's Human Resources Department sent a letter to the plaintiff stating that the defendant limits leaves of absence to a total of six months, and that the plaintiff must indicate his ability to return to work before May 14, 2019 or be terminated.

34.     On or about May 9, 2019, the plaintiff's medical treater wrote a note indicating that the plaintiff could return to work by May 14, 2019.

4

35.     The defendant told the plaintiff that his only re-employment option was to work as a part time per diem or full time paramedic.

36.     Because the plaintiff was still experiencing pain due to neck injury, he opted for and the defendant placed him in the position of part time per diem paramedic – the position the plaintiff had held when the defendant first employed him in 2006.

37.     The plaintiff returned to work as a part time per diem paramedic on or about May 14, 2019.

38.     The defendant's decision to demote the plaintiff from Senior Operations Supervisor to part time per diem paramedic caused him to suffer a severe decrease in income. As a consequence, the plaintiff sought and found other full time employment.

39.     The defendant terminated the plaintiff's employment on or about March 13, 2020.

40.     On or about December 4, 2019, the plaintiff filed a complaint alleging discrimination in violation of the Americans with Disabilities Act, as amended, with the Equal Employment Opportunities Commission (EEOC). On or about April 11, 2021, the EEOC issued a Notice of Right to Sue.

**V.     COUNT ONE: VIOLATION OF THE AMERICAN WITH DISABILITIES ACT**

1.     The plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1 through 40, above.

41.     The plaintiff has suffered and continues to suffer from a neck injury that substantially limits him in the major life activities of walking, standing, lifting, and bending.

42.     The plaintiff is a person with a disability, as that term is defined by the Americans with Disabilities Act of 1990 as Amended, including 42 U.S.C. §12102.

43.     At all times relevant to the Complaint, the plaintiff was and is able to perform the essential functions of the position of Senior Operations Supervisor with or without a reasonable accommodation, and is therefore a qualified individual with a disability for purposes of the Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. §12101, *et seq.*

44.     By the conduct described above, the defendant failed to reasonably accommodate the plaintiff's disability and/or discriminated against the plaintiff in the terms and conditions of his employment on account of his disability, including by refusing to return him to his position as a Senior Operations Supervisor on or about February 27, 2019, by failing and refusing to hold the plaintiff's position as a Senior Operations Supervisor, by demoting the plaintiff from his position as a Senior Operations Supervisor to part time per diem paramedic, and by terminating the plaintiff's employment.

45.     By the conduct described above, the defendant violated the Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. §12101, *et seq.*

46.     As a result of the defendant's failure to reasonably accommodate the plaintiff's disability and/or the defendant's discrimination against the plaintiff on account of his disability, the plaintiff suffered a loss of the wages and benefits of employment and experienced pain, suffering, and emotional distress.

## VI.     COUNT TWO: VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

1.     The plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1 through 40, above.

41.     By the conduct described above, the defendant discriminated and/or retaliated against the plaintiff in his employment because he exercised rights under the Family and Medical Leave Act, including by refusing to return him to his position as a Senior Operations

6

Supervisor on or about February 27, 2019, by failing and refusing to hold the plaintiff's position as a Senior Operations Supervisor, by demoting the plaintiff from his position as a Senior Operations Supervisor to part time per diem paramedic, and by terminating the plaintiff's employment.

42.     By the conduct described above, the defendant violated the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*

43.     The defendant's violation(s) of the Family and Medical Leave Act were willful, in that it either knew or acted with reckless disregard as to whether its actions were unlawful.

44.     As a result of the defendant's failure to reasonably accommodate the plaintiff's disability and/or the defendant's discrimination against the plaintiff on account of his disability, the plaintiff suffered a loss of the wages and benefits of employment.

**PETITION FOR RELIEF**

WHEREFORE, the plaintiff respectfully requests that the Court order the following relief:

1.      Make the plaintiff whole, including by reinstating the plaintiff to the same or comparable position in the defendant's employ from which he was unlawfully demoted and/or terminated;

2.      Award the plaintiff his economic losses, including lost wages and benefits of employment;

3.      Award the plaintiff compensatory damages, including but not limited to damages for his pain, suffering, and emotional distress;

4.      Award the plaintiff double or liquidated damages, as provided by the Family and Medical Leave Act (FMLA);

5.      Award the plaintiff his reasonable attorney's fees and costs;

6.      Award the plaintiff pre- and post-judgment interest; and

7.      Award the plaintiff such other relief as the Court deems appropriate.

**REQUEST FOR A JURY TRIAL**

The plaintiff respectfully requests a jury trial as to all of his claims to the extent that he is entitled by law.


RESPECTFULLY SUBMITTED
ROBERT LAROSE,
THE PLAINTIFF, by

 / s / Peter Goselin
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-232-7818
pdgoselin@gmail.com